[39 NYS3d 78]

In the Matter of MICHAEL V. HANRAHAN, a Suspended Attorney, Respondent.

Second Department, October 19, 2016

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Carolyn Mazzu Genovesi* of counsel), for the Grievance Committee for the Tenth Judicial District.

*Michael V. Hanrahan*, Westhampton, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Michael V. Hanrahan (hereinafter the respondent) has submitted an affidavit sworn to on May 20, 2016, in support of his application to resign as an attorney and counselor-at-law (*see* 22 NYCRR 691.9).

The respondent acknowledges in his affidavit that his resignation is freely and voluntarily tendered, and that he is not being subjected to coercion or duress. He acknowledges that he is the subject of a pending investigation by the Grievance Committee for the Tenth Judicial District, and that he has been advised that charges, including the following allegations, would be prosecuted in a disciplinary proceeding, to wit: (1) misappropriation of funds in violation of rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0); (2) failure to promptly pay or deliver to a client or third person funds in his possession that the client or third person is entitled to receive, in violation of rule 1.15 (c) (4) of the Rules of Professional Conduct (22 NYCRR 1200.0); (3) failure to re-register as an attorney with the Office of Court Administration for two reporting periods, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0); and (4) failure to promptly or completely cooperate with the Grievance Committee's disciplinary investigation, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent acknowledges that he could not successfully defend himself on the merits against such charges. The respondent states that he is fully aware of the implications of submitting his resignation.

The respondent's application is submitted subject to any application by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the Court grant the proffered application for resignation.

Inasmuch as the proffered application to resign complies with the requirements of 22 NYCRR 691.9, the respondent's application is granted, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

ENG, P.J., MASTRO, RIVERA, DILLON and BARROS, JJ., concur.

Ordered that the application of Michael V. Hanrahan, a suspended attorney, to resign is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael V. Hanrahan, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Michael V. Hanrahan, a suspended attorney, shall continue to comply with this Court's rules governing the conduct of disbarred and suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael V. Hanrahan, a suspended attorney, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Michael V. Hanrahan, a suspended attorney, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).